# United States Tax Court

T.C. Summary Opinion 2024-1

SCOTT PAULSON AND MELISSA LOWERY PAULSON,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 23230-21S.                    Filed February 20, 2024.

————

Scott Paulson and Melissa Lowery Paulson, pro sese.

*Massimiliano Valerio* and *James P.A. Caligure*, for respondent.

## SUMMARY OPINION

SIEGEL, *Special Trial Judge*:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioners' 2017 federal income tax and a section 6662(a) accuracy-related penalty.  Petitioners lived in New York when they timely filed their Petition.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent now concedes the section 6662(a) penalty, and the case is before the Court on respondent's Motion for Summary Judgment regarding the deficiency.

*Background*

Petitioners attached Schedule C, Profit or Loss From Business, to their federal income tax return for 2017. The Schedule C reported $25,012 of "Other expenses" against $1,200 of "Gross receipts or sales." These expenses consisted of rent ($4,800), refuse disposal ($512), business phone ($2,400), vehicle expenses ($7,200), auto insurance ($4,100), business supplies ($1,000), tolls ($4,800), and "tax prep" ($200).

As relevant here, the Internal Revenue Service issued a notice of deficiency dated March 17, 2021 (Notice), disallowing deductions for all of the expenses reported on the Schedule C.[2] The Notice explained that the deductions were being disallowed because the Paulsons failed to submit documents substantiating their expenses when asked to provide them.

In their Petition, the Paulsons assert that "[e]ach deduction listed is valid" and that they have receipts to substantiate them. Those receipts were not provided at any time during the pendency of this case.

The case was originally calendared for trial on the Court's December 19, 2022, New York City, New York, trial session. On November 30, 2022, respondent filed a Motion for Continuance to, among other things, give the Paulsons an opportunity to provide documents to substantiate their position. The Court granted the Motion and continued the case. No further documents were provided to respondent or to the Court.

On May 5, 2023, respondent filed a Request for Admissions. The matters therein were deemed admitted when the Paulsons failed to respond. *See* Rule 90(c). Included among the Admissions were affirmative statements that the Paulsons do not have any documents substantiating their expenses.

---

[2] In addition to the now-conceded penalty, there were other computational adjustments stemming from the disallowance of the expenses reported on the Schedule C.

On July 26, 2023, respondent filed a Motion for Summary Judgment, and the Court directed the Paulsons to respond. They did not.

By Order served September 15, 2023, the Motion was calendared for a hearing at the Court's January 8, 2024, New York City trial session. A reminder notice was sent to the Paulsons on December 5, 2023. The Paulsons did not appear for the hearing.

*Discussion*

I.   *Summary Judgment*

Summary judgment serves to "expedite litigation and avoid unnecessary and expensive trials." *Fla. Peach Corp. v. Commissioner*, 90 T.C. 678, 681 (1988). We may grant summary judgment when there is no genuine dispute of material fact and a decision may be rendered as a matter of law. Rule 121(a)(2); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

In deciding whether to grant summary judgment, we construe facts and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand*, 98 T.C. at 520. But the nonmoving party may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing there is a genuine dispute for trial. Rule 121(d); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The Paulsons did not set forth any facts showing there is a genuine dispute for trial: They did not respond to the allegations made or dispute the facts respondent established. The Paulsons repeatedly asserted that they had documents to establish their entitlement to deduct the reported expenses, but they never provided them to the Court. The Paulsons did not respond to the Motion despite being ordered to do so—and despite being advised that their failure to respond might result in the granting of respondent's Motion. They did not appear at the hearing. The Motion being well made, it is clear we may issue a decision as a matter of law.

II.   *Schedule C Expenses*

As a general rule, the Commissioner's determination of a taxpayer's federal income tax liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is erroneous. Rule 142(a); *Welch v. Helvering*, 290 U.S.

111, 115 (1933). The Paulsons do not claim, and the record does not otherwise demonstrate, that respondent should bear the burden of proof on the issues in dispute. *See* § 7491(a).

As we have observed in countless opinions, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any claimed deduction. Rule 142(a); *INDOPCO, Inc. v. Commissioner*, 503 U.S. 79, 84 (1992); *New Colonial Ice Co. v. Helvering*, 292 U.S. 435, 440 (1934). This burden requires the taxpayer to substantiate expenses underlying deductions by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. § 6001; *Hradesky v. Commissioner*, 65 T.C. 87, 89–90 (1975), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976); *Meneguzzo v. Commissioner*, 43 T.C. 824, 831–32 (1965). A taxpayer claiming a deduction on a federal income tax return must demonstrate that the deduction is allowable pursuant to some statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. *See* § 6001; *Hradesky*, 65 T.C. at 89–90; Treas. Reg. § 1.6001-1(a).

The Paulsons deducted expenses reported on the Schedule C attached to their 2017 federal income tax return. Taxpayers may deduct ordinary and necessary expenses paid in connection with operating a trade or business. § 162(a); *Boyd v. Commissioner*, 122 T.C. 305, 313 (2004). An ordinary expense is one that commonly or frequently occurs in the taxpayer's business, *Deputy v. Du Pont*, 308 U.S. 488, 495 (1940), and a necessary expense is one that is appropriate and helpful in carrying on the taxpayer's business, *Commissioner v. Heininger*, 320 U.S. 467, 471 (1943); Treas. Reg. § 1.162-1(a).

Some of the Paulsons' reported expenses, such as their "vehicle expenses," are subject to strict substantiation requirements. *See* § 274(d); *Sanford v. Commissioner*, 50 T.C. 823, 827 (1968), *aff'd per curiam*, 412 F.2d 201 (2d Cir. 1969); Temp. Treas. Reg. § 1.274-5T(a). In the absence of any records, it is clear the Paulsons did not meet this burden.

Other expenses they reported, such as "business supplies," are not subject to such strict substantiation requirements. For these other expenses, if a taxpayer provides sufficient evidence that the taxpayer has incurred a trade or business expense contemplated by section 162(a) but is unable to adequately substantiate the amount, the Court may estimate the amount and allow a deduction. *Cohan v. Commissioner*,

39 F.2d 540, 543–44 (2d Cir. 1930). For the Court to estimate the amount of an expense, however, there must be some basis upon which an estimate may be made. *Vanicek v. Commissioner*, 85 T.C. 731, 742–43 (1985). The record in this case does not allow us to even estimate the amount of any of the Paulsons' reported expenses.

The Paulsons had many opportunities to provide documents, even if imperfect, to respondent and to the Court. They also had the opportunity to appear and be heard as to their reported expenses. They availed themselves of none of these opportunities. The record here is devoid of any kind of substantiation, and the admissions confirm that the Paulsons have none. Accordingly, we hold that the Paulsons are not entitled to deduct expenses reported on the Schedule C, and respondent is entitled to judgment as a matter of law with respect to the deficiency.

To reflect the foregoing,

*An appropriate order and decision will be entered.*